IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**CHIVON N. JORDAN,**

       **Plaintiff,**

v.                                                           Case No.: 5:13-cv-29832

**CAROLYN W. COLVIN,**
**Acting Commissioner of the Social**
**Security Administration,**

       **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

This *pro se* action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is assigned to the Honorable Irene C. Berger, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends that the Plaintiff's complaint be **DISMISSED**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1, and this action be removed from the docket of the Court.

**I.**    **Procedural History**

On July 26, 2009, Plaintiff protectively filed an application for DIB, alleging a

disability onset date of September 13, 2008. (Tr. at 16). The Social Security Administration denied Plaintiff's claim initially and upon reconsideration; accordingly, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). By written decision dated June 7, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. at 16-23). The ALJ's determination became the final decision of the Commissioner on July 23, 2013 when the Appeals Council denied Plaintiff's request for review of the decision. (Tr. at 2-4). The Appeals Council subsequently extended Plaintiff's right to commence a civil action seeking judicial review of the Commissioner's decision to November 22, 2013. (Tr. at 1).

Plaintiff timely filed the instant action on November 22, 2013. (ECF No. 1). Approximately one month later, she filed an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 4), which the undersigned granted on the same day. (ECF No. 5). Defendant was served with process and filed her answer and a transcript of the administrative proceedings on March 24, 2014. (ECF Nos. 7, 8). On September 4, 2014, the undersigned issued an Order directing Plaintiff to file her brief in support of judgment on the pleadings as required by L. R. Civ. P. 9.4(a). (ECF No. 9). Plaintiff was advised that her brief was more than four months past due, and was notified that a failure to file the brief within thirty days would result in a recommendation that her complaint be dismissed pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. Plaintiff was served with a copy of the Order by mail. More than sixty days has expired since the Order was entered and served on Plaintiff, yet she has failed to comply with its directive.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a case upon the motion of a defendant if the plaintiff fails to prosecute an action or comply with a court

order. Local Rule of Civil Procedure 41.1, recognizing that the Court has its own interest in keeping its calendar clear of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief," *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1963), likewise authorizes the presiding judicial officer to dismiss a civil action when it appears "that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution." L. R. Civ. P. 41.1. In deciding whether to dismiss a case for failure to prosecute, the Court must consider "(1) the degree to which [Plaintiff] is personally responsible for this delay; (2) the amount of prejudice this delay has caused the Commissioner; (3) whether [Plaintiff] has a 'drawn out history of deliberately proceeding in a dilatory fashion;' and (4) whether there are sanctions less drastic than dismissal with prejudice." *Robertson v. Social Security Administration,* Case No. 4:13-cv-00065, 2014 WL 4567785, at *3 (W.D.Va. Sept. 12, 2014)( quoting *Herbert v. Saffell,* 887 F.2d 267, 270 (4th Cir. 1989)). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished); *see also Morgan v. Colvin,* Case No. 3:13-cv-00397-MR-DLH, 2014 WL 695284, at *2 (W.D.N.C. Feb. 24, 2014) (collecting cases).

In the instant case, Plaintiff is wholly responsible for the delay in moving this case forward. Plaintiff was given an extension of time to file her civil action, and was granted leave to proceed without paying the filing fee. Although the Commissioner filed an answer and the transcript of the administrative proceedings, Plaintiff has taken no additional steps to prosecute the matter. While it is true that Plaintiff is no longer represented by counsel, and may not be familiar with federal court procedures, she

3

certainly must realize that additional steps are required to move the case toward resolution. Nonetheless, even after receiving a court order alerting her to the existence of local rules and instructing her to file the required brief, Plaintiff has taken no action to prosecute her complaint. Plaintiff's failure to respond to the order demonstrates a deliberate intent to abandon her case. Given that the Commissioner's decision became final more than fifteen months ago, and Plaintiff's complaint has been pending for nearly a year, the delay is prejudicial to the Commissioner, who has been unable to respond to Plaintiff's outstanding claim in the absence of any articulated challenges to the ALJ's findings. Finally, no less drastic sanction than dismissal is feasible, as Plaintiff has failed to make any contact with the Court, and has given no indication of her desire to pursue this litigation. She clearly cannot afford to pay monetary sanctions, and no other sanctions seem relevant to the circumstance. Accordingly, dismissal is warranted. Moreover, "courts in this Circuit routinely dismiss cases under similar circumstances." *Morgan,* 2014 WL 695284, at *3 (collecting cases); *Dudley v. Colvin,* Case No. 4:12-cv-174, 2013 WL 3242377 (E.D.Va. Jun. 24, 2013).

## II. Recommendations for Disposition

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1, and remove this action from the docket of the Court.

**Plaintiff is hereby notified** that this "Proposed Findings and Recommendations" is now **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United

4

States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to Plaintiff and to counsel of record.

**FILED**: November 7, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge